IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER D. GANT,**

      **Petitioner,**

      v.                           CASE NO. 13-3172-SAC

**SAM CLINE, et al.,**

      **Respondents.**

**MEMORANDUM AND ORDER**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis with financial information in support indicating that the motion should be granted. Having considered the materials filed, the court finds that Mr. Gant fails to show that he has exhausted state court remedies on the claims raised in his petition and that the petition appears not to have been filed within the one-year statute of limitations.[1]

**BACKGROUND**

In 2006, petitioner was convicted by a jury in the District Court

---

[1] Obviously, a state prisoner's failure to timely file his federal petition is grounds for dismissal with prejudice, and Mr. May might be required to address this issue only. However, he is given the opportunity to show that this action is not time-barred. If he somehow makes this showing, he will still have to satisfy the exhaustion prerequisite. Meanwhile, the federal limitations period would continue running because the pendency of this federal habeas petition has no tolling effect. Only a pertinent post-conviction motion pending in state court can toll the federal statute of limitations.

1

of Sedgwick County, Kansas, of felony murder and attempted aggravated robbery. On December 28, 2006, he was sentenced to a term of life imprisonment for the felony murder and a consecutive term of 34 months for the attempted aggravated robbery. He directly appealed to the Kansas Supreme Court (KSC), which affirmed on January 30, 2009. *State v. Gant*, 288 Kan. 76, 201 P.3d 673 (Kan. 2009).[2]

On February 4, 2010, Mr. Gant filed a post-conviction motion pursuant to K.S.A. 60-1507 in the trial court, which was denied.[3] He appealed the denial to the Kansas Court of Appeals (KCA), which affirmed on January 13, 2012. Mr. Gant filed a Petition for Review that was denied on February 19, 2013.

Mr. Gant executed the instant application for federal habeas

---

2   The claims raised by Mr. Gant on direct appeal were summarized by the KCA in their opinion on collateral appeal as follows:

> On direct appeal, Gant challenged (1) the admission of his statements to detectives on the grounds he requested counsel before the interview, (2) the alleged prejudice caused by the detective sitting at the prosecutor's table, and (3) the constitutionality of his aggravated prison term for attempted aggravated robbery. In Gant's supplemental brief he argued (1) that there was insufficient evidence to sustain his convictions and (2) that it was fundamentally unfair to sentence him for a felony murder conviction when a codefendant received a plea that resulted in dismissal of felony-murder charges.

*Gant v. State*, 266 P.3d 1253 (Kan.App. 2012).

3   The KCA described petitioner's claims of ineffective assistance of counsel raised in this 60-1507 petition as:

> Gant specifically alleged that counsel was ineffective for (1) failing to file a motion to suppress evidence of guns and ammunition, (2) failing to object when this evidence was introduced at trial, (3) failing to object to evidence of his flight, and (4) failing to move to suppress his statements made to detectives after he requested counsel.

*Gant v. State*, 266 P.3d 1253, at *1.

corpus relief on either September 24 or 27, 2013.[4]

**GROUNDS RAISED IN FEDERAL PETITION**

As Ground (1) in his federal petition, Mr. Gant claims that the evidence was insufficient to convict him of the crimes charged. As factual support, he alleges that the information charged him as a principal only, that the evidence presented at trial supported a charge that he aided and abetted only, that the elements of aiding and abetting were not included in the complaint, that the complaint was therefore fatally defective, and that the jury was improperly instructed that they could find him guilty as either a principal or an aider and abetter.

As Ground (2), petitioner claims that his Sixth Amendment right to effective assistance of appellate counsel was violated in that his appellate counsel failed to argue his claim in ground (1). As factual support, he incorporates the facts alleged in support of ground (1).

As Ground (3), petitioner claims that the trial court violated his Fifth and Fourteenth Amendment rights when it "failed to instruct the jury on a lesser included crime for felony murder." As factual support, he alleges that evidence was presented at trial "tending to prove the shooting was done in imperfect self-defense," that the "victim pulled out a gun and the shooter took action to defend himself

---
4   Mr. Gant has written over the day several times and it is therefore not legible.

or others," that the evidence also "tended to prove that the shooting was done in the heat of passion or upon a sudden quarrel," and that as a result "a reasonable jury could have found the killing was either second-degree intentional, or voluntary manslaughter."

As Ground (4), petitioner claims that appellate and post-conviction counsel were ineffective because they failed to present the claim in Ground (3).

**CLAIMS ARE NOT EXHAUSTED**

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his petition in federal court. 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack."

4

*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It has long been established that a § 2254 petition containing claims which have not been exhausted in state court must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).

Mr. Gant admits that he has not exhausted any of the four claims raised in his federal petition. A comparison of the claims presented in his federal petition with those raised on his direct and collateral appeals in state court confirms that they were not among the issues raised in the state courts.

Mr. Gant attempts to excuse his failure to exhaust his claims in the state courts by alleging that they all rely on an unspecified "intervening change in Kansas law that applies retroactively" to his case and that they were not raised due to ineffective assistance of counsel. However, allegations that a state inmate is entitled to habeas relief due to an intervening change in the law and due to ineffective assistance of counsel are claims that themselves must have been fully and properly exhausted in state court prior to their being raised in a federal habeas corpus petition. The court concludes from the face of the petition that the claims raised in this action have not been exhausted in state court.

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

5

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

It appears from the procedural history set forth by petitioner that, without additional tolling, his federal petition is time-barred. Applying the statutory provisions to the facts of this case, petitioner's convictions "became final" for limitations purposes on May 1, 2009.[5] The statute of limitations began to run on this date, and ran uninterrupted for approximately 9 months and 3 days. It was then statutorily tolled during the pendency of petitioner's "properly filed" 60-1507 motion, which was from the date that motion was filed (February 4, 2010) through the date the KSC denied the petition for review (February 19, 2013). The statute of limitations began running again on February 20, 2013, with less than

---

5   On January 30, 2009, the Kansas Supreme Court denied review on petitioner's direct appeal. Mr. Gant then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. Because he did not seek review in the U.S. Supreme Court, his conviction became final 90 days later, on May 1, 2009. See *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

6

three months remaining in the one-year period and ran uninterrupted until it expired on or about May 17, 2013. Petitioner did not file his federal application until months later. In short, unless Mr. Gant can allege facts showing that he is entitled to either additional statutory or equitable tolling, his federal petition must be dismissed as time-barred.

A litigant claiming entitlement to equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson,* 232 F.3d at 800. The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient."

7

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner is given time to show cause why this petition for writ of habeas corpus should not be dismissed for failure to fully exhaust state court remedies on his claims and as time-barred. If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.[6]

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this petition for writ of habeas corpus should not be dismissed on account of petitioner's failure to exhaust state court remedies and as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013, at Topeka, Kansas.

        **s/Sam A. Crow**
        **U.S. Senior District Judge**

---

6    Petitioner may want to consider immediately filing a petition in state court that raises his unexhausted claims.